JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAVALAN SALES, INC., a corporation d/b/a DAVALAN FRESH; J. HELLMAN PRODUCE, INC., a corporation; VIP MARKETING, INC., a corporation; LOS ANGELES PRODUCE FRESH, LLC, a limited liability company; BEST BUY PRODUCE INT'L, INC., a corporation,<br><br>            Plaintiff,<br>  v.<br><br>SEASHORE WEST, INC., a corporation; JUAN C. MUNGUIA, an individual; SEAN C. PTASZENSKI, an individual,<br><br>            Defendants. | Case No. 2:20-cv-11128-DSF-MAA<br><br>**ORDER APPROVING STIPULATION FOR ENTRY OF JUDGMENT** |

      Having read and considered the Stipulation for Entry of Judgment submitted by Plaintiffs DAVALAN SALES, INC., a corporation doing business as DAVALAN FRESH ("Davalan"); J. HELLMAN PRODUCE, INC., a corporation ("Hellman"); VIP MARKETING, INC., a corporation ("VIP"); LOS ANGELES

PRODUCE FRESH, LLC, a limited liability company ("LAPF"); and BEST BUY PRODUCE INTERNATIONAL, INC., a corporation ("Best")(hereinafter referred to collectively as "Plaintiffs"), and Defendant SEASHORE WEST, INC. ("Seashore" or "Corporate Defendant"), JUAN C. MUNGUIA, an individual ("JM"), and Defendant, SEAN C. PTASZENSKI, an individual ("SP")(JM and SP are sometimes referred to herein collectively as "Individual Defendants")(Seashore and the Individual Defendants are sometimes referred to collectively as "Defendant")(Plaintiffs and Defendants are sometimes referred to herein collectively as "the Parties"), and all other pleadings and papers on file herein, and good cause appearing therefor,

IT IS HEREBY ORDERED that the Stipulation for Entry of Judgment is approved in its entirety.

IT IS FURTHER ORDERED that the following facts are hereby adopted by this Court as Findings of Fact upon such terms and conditions as provided in the Stipulation.

1. Plaintiff Davalan is, and during all times mentioned herein has been, a corporation organized and operating under the laws of the State of California.

2. Plaintiff Davalan is, and during all times mentioned herein has been, duly licensed by the U.S. Department of Agriculture, operating under Perishable Agricultural Commodities Act ("PACA") license number 19840351.

3. Plaintiff Hellman is, and during all times mentioned herein has been, a corporation organized and operating under the laws of the State of California.

4. Plaintiff Hellman is, and during all times mentioned herein has been, duly licensed by the U.S. Department of Agriculture, operating under PACA license number 19961244.

5. Plaintiff VIP is, and during all times mentioned herein has been, a corporation organized and operating under the laws of the State of California.

6. Plaintiff VIP is, and during all times mentioned herein has been, duly licensed by the U.S. Department of Agriculture, operating under PACA license number 20060041.

7. Plaintiff LAPF is, and during all times mentioned herein has been, a limited liability company organized and operating under the laws of the State of California.

8. Plaintiff LAPF is, and during all times mentioned herein has been, duly licensed by the U.S. Department of Agriculture, operating under PACA license number 20180227.

9. Plaintiff Best is, and during all times mentioned herein has been, a corporation organized and operating under the laws of the State of California.

10. Plaintiff Best is, and during all times mentioned herein has been, duly licensed by the U.S. Department of Agriculture, operating under PACA license number 19962520.

11. Defendant Seashore, during all times mentioned herein, was doing business under the laws of the State of California as a corporation, having its principal place of business located in Los Angeles, California.

12. At all times alleged in the complaint on file in this case, the Individual Defendants were the controlling officers, directors, and managing members of Seashore, having actual and constructive knowledge of the PACA trust provisions.

13. At all times alleged in the complaint on file in this case, the Individual Defendants were responsible for the daily management and control of Seashore, and were in positions to control the PACA trust assets at all relevant times.

14. The total combined settlement amount due under this Agreement and Stipulation is $82,345.10, all of which is qualified for protection under the trust provisions of PACA [7 U.S.C. §499e *et seq.*].

15. All admissions and stipulated facts set forth above are made for the purpose of facilitating settlement of the dispute between The Parties. Said

1 admissions and stipulated facts are binding upon The Parties hereto for all purposes
2 but shall not be relied upon by any person not a party to this agreement for any
3 purpose whatsoever.

4     16.    The Parties, for themselves and for no others, wish to avoid the further
5 expense and uncertainty of litigation and therefore wish to fully resolve and
6 compromise this dispute, and desire to enter into the following Stipulation for Entry
7 of Judgment whereby said Defendants shall pay to Plaintiffs the amounts agreed to
8 herein and shall allow judgment to be entered against them in the manner specified
9 below.

    IT IS FURTHER ORDERED that so long as Defendants are not in default of the terms of the Stipulation for Entry of Judgment as contemplated therein, Plaintiffs shall take no steps to enforce said Judgment.

    IT IS FURTHER ORDERED that in the event of default as contemplated by the Stipulation, Plaintiffs may immediately take whatever steps are available to Plaintiffs to enforce the judgment subject only to Defendants' right to object to enforcement of judgment based solely upon the following grounds, and no others: (a) whether a default has in fact occurred, as such default is contemplated herein; or, (b) whether any sums acknowledged by Plaintiff as having been received prior to default are accurate. If Defendants intend to object to enforcement of the judgment under this paragraph, Defendants' notice of objection and any related pleadings shall be filed and served on an *ex parte* basis in compliance with applicable Local Rules of the United States District Court for the Central District of California, if any. Failure to file and serve any such notice of objection within such period will be deemed Defendants' admission of default and consent to Plaintiff's right to immediately commence enforcement of judgment.

    IT IS FURTHER ORDERED that the U.S. District Court for the Central District of California, shall retain exclusive jurisdiction over the parties and subject matter herein in order to enforce or interpret the provisions of this Stipulation and to enter and enforce judgment hereon.

IT IS FURTHER ORDERED that this action shall be administratively closed without prejudice pending payment of the sums due hereunder and subject to immediate reopening upon Defendants' *ex parte* application to challenge Plaintiffs' right to enforce the judgment as set forth above.

IT IS SO ORDERED.

DATED:  May 3, 2021

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE